UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEREMIAH HOP,

        Petitioner,               Case No. 1:24-cv-10231

v.                                     Honorable Thomas L. Ludington
                                         United States District Judge

GARY MINIARD,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS, DISMISSING CASE WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

In 2020, Petitioner Jeremiah Hop pleaded no contest in Barry County Circuit Court as a fourth-offense habitual offender to delivering a check with insufficient funds with intent to defraud in an amount greater than $500. *People v. Hop*, No. 355692, 2023 WL 2618131, at *1 (Mich. Ct. App. Mar. 23, 2023). He was subsequently sentenced to 10 to 15 years imprisonment. *Id.*; *see also* MICH. COMP. LAWS § 769.12 (detailing punishment for a person convicted of three or more felonies).

In January 2024, Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He raises five claims in his petition: (1) the trial court abused its discretion by imposing a vastly disproportionate sentence; (2) the trial court failed to award him 68 days of jail credit; (3) appellate counsel was ineffective; (4) the trial court abused its discretion by accepting an illusory plea agreement and failing to obtain a waiver before sentencing Petitioner by video and denying his motion to withdraw the plea; and (5) trial counsel was ineffective. *Id*. Petitioner also filed a motion to stay proceedings and hold his petition in abeyance until he exhausts his state-court remedies for his third, fourth, and fifth claims. ECF No. 3.

State prisoners must give the state courts an opportunity to act on their claims before they present those claims to a federal court in a habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). As relevant here, Michigan state prisoners must fairly present the factual and legal basis for their claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising the claims in a federal habeas petition. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

Here, Petitioner concedes he has not yet exhausted his third, fourth, and fifth claims in the state court. ECF No. 3. And while a federal district court has the discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state court and then return to federal court on a perfected petition. *See Rhines v. Weber,* 544 U.S. 269, 276 (2005). However, the stay-and-abeyance procedure is only available in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state-court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not demonstrated a need for his requested stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to run until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied Petitioner's application for leave to appeal on August 22, 2023. *People v. Hop*, 512 Mich. 910 (2023). Petitioner had 90 days from that date, until November 20, 2023, to seek a writ of certiorari with the United States Supreme Court, which he did not do. So, the one-year limitations period commenced the next day, November 21, 2023. *Bronaugh v. Ohio*, 235 F.3d

280, 283 (6th Cir. 2000) (one-year limitations period commences the day after the expiration of the 90-day period for filing a petition for a writ of certiorari). Petitioner filed this Petition on January 24, 2024, after only approximately two months had run on the statute of limitations. Under 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled while any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Assuming Petitioner files an appropriate post-conviction motion in the state court within a reasonable time, the remaining portion of the limitations period allows him ample time to file a petition after the conclusion of proceedings in the state trial and appellate courts. Thus, Petitioner has not shown the need for a stay and a non-prejudicial dismissal of the Habeas Petition is appropriate.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253; *see also see also Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) (clarifying a certificate of appealability is required "for all state-prisoner habeas appeals."). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

In this case, reasonable jurists would not debate this Court's conclusion that Petitioner has not yet exhausted his state-court remedies and has ample time to file the appropriate post-conviction motion in state court. Therefore, a certificate of appealability will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good

faith. 28 U.S.C. § 1915(a) (3).

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceeding and Hold Petition in Abeyance, ECF No. 3, is **DENIED**.

Further, it is **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

**This is a final order and closes the above-captioned case.**

Dated: July 16, 2024                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge